UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK

JESSE HORENSTEIN, )
)
    Plaintiff, )
)
v. ) Case No.: 1:11-cv-00791
)
NORTHSTAR LOCATION SERVICES, ) COMPLAINT AND DEMAND FOR
LLC, ) JURY TRIAL
)
    Defendant. ) (Unlawful Debt Collection Practices)

## COMPLAINT

JESSE HORENSTEIN ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NORTHSTAR LOCATION SERVICES, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and has its headquarters in the State of New York and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Miami, Florida.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a debt collection company with its corporate headquarters located at 4285 Genesee St., Cheektowaga, New York 14225.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged debt, related to a Capital One automobile loan.

11. This debt arose out of transactions that were primarily for personal, family, or household purposes.

12. As Plaintiff owes no business debt, the debt could have only been personal in nature.

13. Throughout 2011, Defendant placed repeated harassing calls to Plaintiff's home and cellular telephones.

14. When Defendant called, it intentionally disguised its number, so that it would appear as "unavailable" on Plaintiff's caller identification.

15. Defendant regularly called Plaintiff more than two times per day.

16. During one conversation in or around July of 2011, Defendant's collector "Blake Forbes" called Plaintiff and made several false and deceptive threats.

17. "Blake Forbes" threatened that "Northstar's attorney" would sue Plaintiff for the debt, if Plaintiff did not make immediate payment.

18. Defendant also stated that it would "report Plaintiff to credit reporting agencies" if Plaintiff did not comply with Defendant's demands.

19. Plaintiff did not comply with Defendant's demands, and despite Defendant's threats, it has not sued Plaintiff for the debt, and upon information and belief, has not reported the debt to major credit reporting agencies.

20. Accordingly, Plaintiff believes that Defendant never intended on acting upon its threats, but merely made such baseless representations in order to coerce Plaintiff into acceding to its demands.

21. Defendant's communications with Plaintiff were harassing, deceptive and misleading.

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

22. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

23. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it threatened to take legal action and report Plaintiff's debt to credit bureaus, when and when it engaged in other harassing or abusive conduct.

## COUNT II
### DEFENDANT VIOLATED § 1692d(5) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

24. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

25. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT III
### DEFENDANT VIOLATED § 1692e OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

26. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

27. Defendant violated § 1692e of the FDCPA when it threatened legal action that it lacked intent to take, when it falsely implied Defendant would report Plaintiff to major credit bureaus, and when it made other false, deceptive or misleading representations.

## COUNT IV
### DEFENDANT VIOLATED § 1692e(5) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

28. Section 1692e(5) of the FDCPA prohibits debt collectors from misrepresenting that they will take legal action when they lack intent or ability to do so.

29. Defendant violated § 1692e(5) of the FDCPA when it misrepresented that it would take legal action, when it lacked intent to do so.

## COUNT V
## DEFENDANT VIOLATED § 1692e(10) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

30. Section 1692e(10) of the FDCPA prohibits debt collectors from using false representations or deceptive means to collect a debt or to obtain information from a consumer.

31. Defendant violated § 1692e(10) of the FDCPA when it threatened legal action that it lacked intent to take, when it falsely implied Defendant would report Plaintiff to major credit bureaus, and when it made other false, deceptive or misleading representations.

## COUNT VI
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

32. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

33. Defendant violated § 1692f of the FDCPA when it called Plaintiffs repeatedly and continuously, when it made knowingly false representations about taking legal action and reporting Plaintiff's debt to credit bureaus, and when it engaged in other harassing or abusive conduct.

WHEREFORE, Plaintiff, JESSE HORENSTEIN, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JESSE HORENSTEIN, demands a jury trial in this case.

DATE: 04/16/2012

RESPECTFULLY SUBMITTED,

By: _____
CRAIG THOR KIMMEL
Attorney ID # 2790038
Attorney for Plaintiff
KIMMEL & SILVERMAN, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: 877-788-2864
Email: kimmel@creditlaw.com